## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALEX MIGUEL BRICENO OCANTO,

     Petitioner,

v.                         No. 1:26-cv-01380-DHU-GBW

GEORGE DEDOS, Warden, Cibola County
Correctional Facility; TODD M. LYONS, Acting
Director, U.S. Immigration and Customs Enforcement
(ICE); MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security (DHS); and PAMELA BONDI, Attorney
General of the United States,

     Respondents.

### ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Alex Miguel Briceno Ocanto's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where he argues that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA"). *Id.* ¶¶ 35-56. He requests a Writ of Habeas Corpus ordering Respondents to release him from custody or, alternatively, provide him with a bond hearing within two (2) business days. *Id.* at 33.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Tenth Circuit's decision in *Santillan Quiroz* is in accord with previous decisions of this Court, including *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026), which Respondents concede "would control the result . . . if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision

1

on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 9 at 2. Accordingly, the Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States in 2023 and, over two (2) years later, was detained by Immigration and Customs Enforcement ("ICE") in the interior of the country. Doc. 1 ¶¶ 16-17. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman*, 826 F.Supp.3d at 1284.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Monday, July 27, 2026, he shall be immediately released.

At the bond hearing, the assigned immigration judge ("IJ") is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

2

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Tuesday, July 28, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE